IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **Mohammed Khader, et al.** | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | |
| | * | **Case No.  1:10cv1048 (JCC/IDD)** |
| **Hadi Enterprises**, et al. | * | |
| | * | |
| **Defendants** | * | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

COME NOW your plaintiffs, Mohammed Khader ("Khader") by counsel and, hereby submit the

following proposed jury instructions, pursuant to the Scheduling Order. Plaintiff expressly

reserve their rights to withdraw, amend or modify any of these proposed instructions. Plaintiff

also expressly reserve their rights to propose any additional instructions as may be warranted by

the evidence at trial. Further, by submitting these proposed jury instructions Plaintiff does not

concede, and expressly reserve their right to assert and take the position, that certain issues to be

tried are to be decided by the Court, not a jury.

Dated: June 22, 2011.

MOHAMMED KHADER
By Counsel

__/s/_____
RICHARD J. LINK, VSB #36960
Counsel for Plaintiff
200-A Monroe Street, #330
Rockville, MD 20850
(240) 453-9191

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day of June 22, 2011, a copy of the Plaintiffs' Jury Instructions were sent by electronic mail to: John C. Altmiller, Esquire, 7926 Jones Branch Road, Suite 930, McLean, VA 22102.

___/s/_____

RICHARD J. LINK

## JURY INSTRUCTION A

**Preliminary Instructions to the Jury**

Members of the jury, the order of the trial of this case will be in four stages:
1. Opening statements
2. Presentment of the evidence
3. Instructions of the law
4. Final argument

After the conclusion of final argument, you will be further instructed concerning your deliberations, after which you will retire, select a leader, deliberate, and arrive at your verdict.

Opening Statements

First, the plaintiff's attorney may make an opening statement outlining his or her case. Then the defendants' attorneys also may make an opening statement. Neither side is required to do so.

Presentment of the Evidence

Following the opening statements, the plaintiff will introduce evidence, after which the defendants then have the right to introduce evidence (but are not required to do so). Rebuttal evidence may then be introduced if appropriate.

Instructions of Law

Third, at the conclusion of all evidence, the court will instruct you on the law which is to be applied to this case.

Final Argument

Once the evidence has been presented and you have been instructed on the law, then the attorneys may make their closing arguments. The plaintiff's attorney will argue first, the defendants' attorneys may reply, and the plaintiff's attorney may close in rebuttal.

Members of the jury, your function in the trial of this case is to reach a verdict by majority that is based solely on the evidence and the instructions of law which you will be given after all the evidence has been presented. The law applicable to this case is given to you in these instructions and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

The evidence which you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law; and from time to time, it may be the duty of the attorneys to make objections and my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not

consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statement, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness.

However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors nor go to the scene or make any independent investigation or receive any information about the case from radio, television, or the newspapers. Once your deliberations commence, then you must discuss the case only in the jury room when all the members of the jury are present.

Just prior to your deliberations, you will be given a final instruction with regard to your selection of a leader, the conduct of your deliberations, and the forms for your verdict.

The faithful and proper performance by you of your duty is vital to the administration of justice. On behalf of the court and the litigants, we appreciate your giving your complete attention to the case as it is presented.

Thank you.

Virginia Model Jury Instruction No. 2.000 ("Preliminary Instructions to Jury")

## JURY INSTRUCTION B
### Credibility of Witnesses

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

Virginia Model Jury Instruction No. 2.020 ("Credibility of Witnesses")

**JURY INSTRUCTION C**

**Adverse Witness**
**Rejected and Stricken Evidence**

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

Virginia Model Jury Instruction No. 2.170 ("Rejected and Stricken Evidence")

**JURY INSTRUCTION D**
**Amount Sued For Is Not Evidence**

The amount sued for is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

Virginia Model Jury Instruction No. 2.180 ("Amount Sued For Is Not Evidence")

## JURY INSTRUCTION E

**Verdict Not to be Based on Sympathy, Bias, Guesswork, or Speculation**

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

Virginia Model Jury Instruction No. 2.220 ("Verdict Not to be Based on Sympathy, Bias, Guesswork, or Speculation")

**JURY INSTRUCTION F**
**Plaintiff's Breach of Contract Claim Against Omar Lazkani:**
**Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:
1) Was there a contract between the Plaintiff and Omar Lazkani?
2) If there was a contract, did Omar Lazkani breach any of his obligations under the contract?
3) If there was a breach, did the Plaintiff suffer any damages as a proximate result of the breach?
4) If the Plaintiff did suffer damages as a result of a breach, what is the amount of his damage?

On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract
.
Your decision on these issues must be governed by the instructions that follow.

Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006)

**JURY INSTRUCTION G**
**Plaintiff's Breach of Contract Claim Against**
**Mohammed Abdelhadi: Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:
1) Was there a contract between the Plaintiff and Mohammed Abdelhadi?
2) If there was a contract, did Mohammed Abdelhadi breach any of his obligations under the contract?
3) If there was a breach, did the Plaintiff suffer any damages as a proximate result of the breach?
4) If the Plaintiff did suffer damages as a result of a breach, what is the amount of his damage?
On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract.

Your decision on these issues must be governed by the instructions that follow.

Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006)

**JURY INSTRUCTION H**
**Plaintiff's Breach of Contract Claim Against Mohammed Abdelhadi: Finding Instruction**

You shall find your verdict for the Plaintiff if he has proven by the greater weight of the evidence that:

1) There was a contract between the Plaintiff and Mohammed Abdelhadi; and
2) Mohammed Abdelhadi breached his obligations to the Plaintiff pursuant to the contract; and
3) The Plaintiff suffered damages as a proximate result of Mohammed Abdelhadi breaching his obligations pursuant to the contract.

You shall find your verdict for Defendant Omar Lazkani if:

1) The Plaintiff failed to prove by the greater weight of the evidence one or more of the three elements above.

Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006)

**JURY INSTRUCTION I**
**Plaintiff's Breach of Contract Claim Against Hadi Enterprises:**
**Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

1) Was there a contract between the Plaintiff and Hadi Enterprises?
2) If there was a contract, did Hadi Enterprises breach any of its obligations under the contract?
3) If there was a breach, did the Plaintiff suffer any damages as a proximate result of the breach?
4) If the Plaintiff did suffer damages as a result of a breach, what is the amount of his damage?
On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract.

Your decision on these issues must be governed by the instructions that follow.

Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006)

**JURY INSTRUCTION J**
**Plaintiff's Breach of Contract Claim Against Hadi Enterprises: Finding Instruction**

You shall find your verdict for the Plaintiff if he has proven by the greater weight of the evidence that:

1) There was a contract between the Plaintiff and Hadi Enterprises; and
2) Hadi Enterprises breached his obligations to the Plaintiff pursuant to the contract; and
3) The Plaintiff suffered damages as a proximate result of Hadi Enterprises breaching his obligations pursuant to the contract.

You shall find your verdict for Defendant Hadi Enterprises if:
1) The Plaintiff failed to prove by the greater weight of the evidence one or more of the three elements above.

Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006)

**JURY INSTRUCTION K**

**Plaintiff's Breach of Contract Claim Against Marshall Auto Outlet: Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

1) Was there a contract between the Plaintiff and Marshall Auto Outlet?

2) If there was a contract, did Marshall Auto Outlet breach any of its obligations under the contract?

3) If there was a breach, did the Plaintiff suffer any damages as a proximate result of the breach?

4) If the Plaintiff did suffer damages as a result of a breach, what is the amount of his damage?

On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract.

Your decision on these issues must be governed by the instructions that follow.

Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006)

**JURY INSTRUCTION L**
**Plaintiff's Breach of Contract Claim Against Marshall Auto Outlet: Finding Instruction**

You shall find your verdict for the Plaintiff if he has proven by the greater weight of the evidence that:

1) There was a contract between the Plaintiff and Marshall Auto Outlet; and
2) Marshall Auto Outlet breached its obligations to the Plaintiff pursuant to the contract; and
3) The Plaintiff suffered damages as a proximate result of Marshall Auto Outlet breaching his obligations pursuant to the contract.

You shall find your verdict for Defendant Marshall Auto Outlet if:
1) The Plaintiff failed to prove by the greater weight of the evidence one or more of the three elements above.

Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006)

**JURY INSTRUCTION M**
**Definition of Contract**

A contract is an agreement, for consideration, between two or more parties. A contract arises when an offer is accepted.

A contract need not be in writing.

Virginia Model Jury Instruction No. 45.010 ("Definition of Contract")

**JURY INSTRUCTION N**
**Consideration**

Consideration is what is given in exchange for a promise.

Virginia Model Jury Instruction No. 45.040 ("Consideration"

**JURY INSTRUCTION O**
**Offer**

An offer is a proposal of the terms on which a person will enter into an agreement if the offer is accepted by the person to whom it was made.

Virginia Model Jury Instruction No. 45.020 ("Offer")

**JURY INSTRUCTION P**
**Acceptance**

An acceptance is an unconditional promise to be bound by the terms of the offer.

Virginia Model Jury Instruction No. 45.030 ("Acceptance")

## JURY INSTRUCTION Q
### Acceptance Must Match Offer

An offer may specify the time, place or method of acceptance. The acceptance must comply with the offer in every material respect. If the acceptance is not identical to the offer in all material respects, or if a new material term is added, there is no contract.

Virginia Model Jury Instruction No. 45.080 ("Acceptance Must Match Offer")

**JURY INSTRUCTION R**
**Meeting of the Minds**

For a contract to exist, the minds of the parties must have met on every material term of the alleged agreement.

Virginia Model Jury Instruction No. 45.090 ("Meeting of the Minds")

**JURY INSTRUCTION S**
**Contract Must Be Complete and Reasonably Certain**

A contract must be both complete and reasonably certain. It is complete if it includes all the essential terms. It is reasonably certain if all the essential terms are expressed in a clear and definite way.

Virginia Model Jury Instruction No. 45.170 ("Contract Must Be Complete and Reasonably Certain")

**JURY INSTRUCTION T**
**Definition of Partnership**

A partnership is an association of two or more persons to carry on as co-owners a business for profit. The conduct of the business must be for a sustained period for the purposes of livelihood or profit, and not merely carrying on of a single transaction.

Va. Code § 50-73.79; Walker Mosby & Calvert v. Burgess, 153 Va. 779, 151 S.E. 165 (1930)

**JURY INSTRUCTION U**

**Plaintiff's Unjust Enrichment Claim Against Omar Lazkani: Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

1) Did the Plaintiff confer a benefit upon Omar Lazkani?

2) If the Plaintiff conferred a benefit, did Omar Lazkani retain such benefit?

3) If so, do the circumstances render it in equitable for Omar Lazkani to retain such benefit without paying for its value?

On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract.

Your decision on these issues must be governed by the instructions that follow.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

**JURY INSTRUCTION V**
**Plaintiff's Unjust Enrichment Claim Against Omar Lazkani: Finding Instruction**

You shall find your verdict for the Plaintiff if he has proven by the greater weight of the evidence that:
1) The Plaintiff conferred a benefit on Omar Lazkani.
2) Omar Lazkani retained such benefit.
3) The circumstances render it inequitable for Omar Lazkani to retain such benefit without paying for its value.
You shall find your verdict for Defendant Omar Lazkani if:
1) The Plaintiff failed to prove by the greater weight of the evidence one or more of the three elements above.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

**JURY INSTRUCTION W**
**Plaintiff's Unjust Enrichment Claim Against Mohammed Abdelhadi: Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

1) Did the Plaintiff confer a benefit upon Mohammed Abdelhadi?

2) If the Plaintiff conferred a benefit, did Mohammed Abdelhadi retain such benefit?

3) If so, do the circumstances render it in equitable for Mohammed Abdelhadi to retain such benefit without paying for its value?

On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract.

Your decision on these issues must be governed by the instructions that follow.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

**JURY INSTRUCTION X**
**Plaintiff's Unjust Enrichment Claim Against Mohammed Abdelhadi: Finding Instruction**

You shall find your verdict for the Plaintiff if he has proven by the greater weight of the evidence that:
1) The Plaintiff conferred a benefit on Mohammed Abdelhadi.
2) Mohammed Abdelhadi retained such benefit.
3) The circumstances render it inequitable for Mohammed Abdelhadi to retain such benefit without paying for its value.
You shall find your verdict for Defendant Mohammed Abdelhadi if:
1) The Plaintiff failed to prove by the greater weight of the evidence one or more of the three elements above.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

**JURY INSTRUCTION Y**
**Plaintiff's Unjust Enrichment Claim Against Hadi Enterprises: Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

1) Did the Plaintiff confer a benefit upon Hadi Enterprises?

2) If the Plaintiff conferred a benefit, did Hadi Enterprises retain such benefit?

3) If so, do the circumstances render it in equitable for Hadi Enterprises to retain such benefit without paying for its value?

On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract.

Your decision on these issues must be governed by the instructions that follow.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

**JURY INSTRUCTION Z**
**Plaintiff's Unjust Enrichment Claim Against Hadi Enterprises: Finding Instruction**

You shall find your verdict for the Plaintiff if he has proven by the greater weight of the evidence that:
1) The Plaintiff conferred a benefit on Hadi Enterprises.
2) Hadi Enterprises retained such benefit.
3) The circumstances render it inequitable for Hadi Enterprises to retain such benefit without paying for its value.
You shall find your verdict for Defendant Hadi Enterprises if:
1)  The Plaintiff failed to prove by the greater weight of the evidence one or more of the three elements above.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

**JURY INSTRUCTION AA**
**Plaintiff's Unjust Enrichment Claim Against Marshall Auto Outlet:**
**Issues and Allocation of Burden of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

1) Did the Plaintiff confer a benefit upon Marshall Auto Outlet?

2) If the Plaintiff conferred a benefit, did Marshall Auto Outlet retain such benefit?

3) If so, do the circumstances render it in equitable for Marshall Auto Outlet to retain such benefit without paying for its value?

On these issues the Plaintiff has the burden of proof. Each of these elements is indispensable if the Plaintiff is to establish a claim for breach of contract.

Your decision on these issues must be governed by the instructions that follow.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

## JURY INSTRUCTION BB
**Plaintiff's Unjust Enrichment Claim Against Marshall Auto Outlet: Finding Instruction**

You shall find your verdict for the Plaintiff if he has proven by the greater weight of the evidence that:

1) The Plaintiff conferred a benefit on Marshall Auto Outlet.

2) Marshall Auto Outlet retained such benefit.

3) The circumstances render it inequitable for Marshall Auto Outlet to retain such benefit without paying for its value.

You shall find your verdict for Defendant Marshall Auto Outlet if:

    1)  The Plaintiff failed to prove by the greater weight of the evidence one or more of the three elements above.

Firestone v. Wiley, 485 F.Supp.2d 694 (E.D.Va. 2007)

**JURY INSTRUCTION CC**
**Standard of Proof: Definition of Greater Weight of the Evidence**

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive. The testimony of one witness whom you believe can be the greater weight of the evidence.

Virginia Model Jury Instruction No. 3.100 ("Standard of Proof: Definition of Greater Weight of the Evidence")

## JURY INSTRUCTION DD
### Reasonable Proof

The burden is on the Plaintiff to prove by the greater weight of the evidence each item of damage he claims and to prove that each item was caused by Defendants' actions. The Plaintiff is not required to prove the exact amount of their damages, but Plaintiffs must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the Plaintiff fail to do so, then they cannot recover for that item.

Virginia Model Jury Instruction No. 9.010 (as modified)

**JURY INSTRUCTION EE**
**Definition of Proximate Cause**

A proximate cause of an accident, injury, or damage is a cause which in natural and continuous sequence produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

Virginia Model Jury Instruction No. 5.000 ("Definition of Proximate Cause")

**JURY INSTRUCTION FF**

A contract may be implied from the circumstances and the conduct of the parties.

Virginia Model Jury Instruction No. 45.210 ("Implied Contracts")